**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: : **CHAPTER 13**
    Charles W. Covell, Jr. :
      :
      : **CASE NO. 16-11688**
      :
      :
      :
    Debtor :

AMENDED CHAPTER 13 PLAN EXECUTIVE SUMMARY

TO THE DEBTOR(S): The following is a summary of the provision of your Chapter 13 Plan. If you sign this Plan, you are agreeing to these provisions, and promising the Court that you will perform all duties under this Plan.

| DATE CASE FILED | 3/11/2016 |
|---|---|
| LENGTH OF PLAN | 60 Months |
| MONTHLY PLAN PAYMENT | $515.00 TO COMMENCE SEPT., 2016 FOR 55 MONTHS |
| PAYMENTS TO TRUSTEE START | 30 DAYS AFER CASE FILED |
| MORTGAGE ARREARS | $24,614.94 |
| MONTHLY MORTGAGE PAYMENTS | $1,622.82 |
| CAR ARREARS | none |
| MONTHLY CAR PAYMENTS (FIRST CAR) | none |
| PAID INTO PLAN PRIOR TO THIS AMENDED PLAN | $2,290.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>    Charles W. Covell, Jr.<br><br><br><br><br><br><br>    Debtor | : **CHAPTER 13**<br>:<br>:<br>:<br>: **CASE NO. 16-11688 elf**<br>:<br>:<br>:<br>:<br>: |

**DEBTOR'S AMENDED CHAPTER 13 PLAN**

**NOTICE:THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE UNITED STATES BANKRUPTCY CODE**

**YOUR RIGHTS MAY BE AFFECTED**

**You should have received from the court a separate Notice Of Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor(s). This document is the actual Plan proposed by the Debtor(s) to adjust debts. If this case is a joint case, all references in the Plan refer to both Debtors unless otherwise stated.**

**You should read these papers carefully and discuss them with your attorney.**

**Anyone who wishes to oppose any provision of this Plan must file a written objection within the time-frame stated the separate Notice of Hearing on Confirmation of Plan.**

**1. PAYMENT AND LENGTH OF PLAN**

a. The Debtor shall submit to the supervision and control of the Trustee the following sums:

| $ 458 | Per month for a period of | 5 MONTHS | Months: then |
|---|---|---|---|
| $515 FOR REMAINING 55 MONTHS | TOTAL $30,615 | | |

b.   The Debtor shall make the plan payments to the Trustee from the following sources:

| x | Future Earnings |
|---|---|
|   | Other sources of funding (describe source, amount, and date when funds are expected to be available), if any: |
|   | Sale or refinance of the following assets (describe): |

c.   Expected Total of Payments to the Trustee (if calculable at outset of Plan): $30,615.00

d.   Payments shall commence under the Plan within thirty (30) days of the entry of the Order for Relief or the filing of the Plan, whichever occurs first, per 11 U.S.C. §1326(a)(1). If no payments are scheduled for any specified month or months under the Plan, the Plan shall still commence to run on the date which is thirty days after the filing of the case and the entry of the Order for relief, or the filing of the Plan, whichever occurs first.

The following obligations will be paid within the Plan

## 2. **CLASS ONE CLAIMS – ADMINISTRATIVE EXPENSES**

### **Summary of Class 1**

| Admin. Expense Claimant | Type of Priority | Amount to be Paid |
|---|---|---|
| Chapter 13 Trustee | Administrative Expense | Statutory Commission |
| Counsel for Debtors | Counsel Fees | $   TO BE FILED IF APPLICABLE |

a. Class 1 Claims shall consist of all administrative expenses allowed by the court, see 11 U.S.C. §§1326(b)(1), and the Trustee''s statutory commission, see 11 U.S.C. §§1326(b)(2).

b. The Trustee shall make distributions to the holders of Class 1 administrative expenses until such allowed administrative expenses have been paid the full amount allowed by the court, pro rata.

c. It is anticipated that the holders of allowed Class 1 claims will be those persons or entities identified in the Summary of Class 1 set forth above.

## 3. CLASS 2 – ALLOWED SECURED CLAIMS – CURE OF PREPETITION DEFAULT AND MAINTENANCE OF MONTHLY PAYMENTS

### Summary of Class 2

| Class 2 Creditor | Property Securing Debt | Estimated Arrears |
|---|---|---|
| PA Housing Finance | residence | $24,614.94 |
|  | residence | $ |
|  | residence |  |
|  | total | $24,614.94 |

a. **Class 2 Claims** shall consist of all claims filed and allowed for prepetition arrears on allowed secured claims and which are provided for by the Debtors pursuant to 11 U.S.C. §1322(b)(5).

b. Commencing with the first installment falling due after the commencement of the bankruptcy case, all future regular monthly installment payments falling due on Class 2 claims will be paid by the Debtors directly to the holders of such claims and will not be paid by the Trustee.

c. Confirmation of the Plan shall constitute a judicial finding, decree and order that the amount of the prepetition default on each Class 2 claim does not exceed the amount reflected on the claims docket or as determined by the Court to be the prepetition arrears for each Class 2 Claim provided for in this Plan. In the event of the a conflict, the Court Order shall be determinative.

d. The Trustee shall make distributions to the holders of Class 2 claims in the full amount of the claim allowed for prepetition arrears as reflected on the claims docket or determined by the court. In the event of the a conflict, the Court Order shall be determinative.

e. Upon completion of the payment of the prepetition arrears through the distribution made by the Trustee to the holders of Class 2 Claims pursuant to this Plan, the prepetition default on the secured claim giving rise to each Class 2 Claim will be cured by such payments made to the Trustee under the Plan and the holders of Class 2 Claims shall reinstate the Debtors' account to the original payment schedule for the underlying secured claim as if no default had ever occurred, except for the amount of any monthly installments falling due after commencement of this case which has not been paid.

f. Confirmation of this Plan shall impose an affirmative and direct duty upon each holder of a Class 2 Claim to comply with

Paragraph 3e of this Plan by, inter alia, instituting an appropriate enforcement proceeding in the Bankruptcy Court either before or after the entry of the discharge order and either before or after the closing of this case.

g. It is anticipated that the holders of allowed Class 2 Claims shall be those persons or entities identified in the Summary of Class 2 set forth above.

**ADEQUATE PROTECTION PAYMENTS**

<u>Adequate Protection Payments under Section 1326</u>. Adequate protection payments in the following amounts will be paid by the Debtors to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtors.

☒ If this box is checked, adequate protection payments are not required under the terms of 11 U.S.C. §1326(a)(1)(C).

| Name of Creditor | Address | Account No. | Balance to be Paid Under Plan | Payment |
|---|---|---|---|---|
| None | | | | |

**4. CLASS 3A, 3B and 3C - OTHER ALLOWED SECURED CLAIMS**

<u>Summary of Class 3A</u>

| Class 3A Creditor | Property Securing Debt | Est. Amt. to be Paid | Adequate Protection? |
|---|---|---|---|
| none | | | |
| | TOTAL | | |

a. The holders of Class 3A, 3B and 3C Claims, as set forth below in their respective subdivisions, shall retain the liens securing their claims during the pendency of this Plan.

b. **Class 3A Claims** shall consist of all claims filed and allowed which are secured by liens which are not avoided by the Debtors and which are provided for as set forth below in Paragraph 4.c. through 4.e. (below).

c. Class 3A claims shall be paid the full amount of the secured claim as reflected on the claims docket or determined by the

Court. In the event of the a conflict, the Court Order shall be determinative.

d. Pursuant to this Plan and 11 U.S.C. §§1327, after the allowed secured claim held by any Class 3A creditor has been paid in full, the property securing such claim shall vest in the Debtors free and clear of any claim, interest or lien of such creditor and the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records. The Debtors may enforce this paragraph of this Plan by, inter alia, instituting an appropriate enforcement proceeding in the Bankruptcy Court either before or after the entry of the discharge Order and either before of after the closing of this case.

e. It is anticipated that the holders of Class 3A claims shall be those persons identified in the Summary of Class 3A set forth above.

### **Summary of Class 3B**

| Class 3B Creditor | Secured Property to be Surrendered |
|---|---|
| none | |

f. **Class 3B Claims** shall consist of all claims filed and allowed which are secured by liens which are not avoided by the Debtors and which are provided for as set forth below in Paragraph 4.h through 4.k.

g. The Debtors will surrender the property securing the Class 3B Claims pursuant to 11 U.S.C. §§1325(a)(5) (C).

h. The Debtors will effect the surrender of real property securing Class 3B Claims by either (a) executing a deed in lieu of foreclosure in favor of a holder of the Class 3B Claim within fifteen (15) business days of a written request made by the holder, or (b) not contesting a state court foreclosure, ejectment and/or other proceeding under applicable nonbankruptcy law by which the holder may obtain title and/or possession of the property.

i. The Debtors will effect the surrender of personal property securing Class 3B Claims by permitting a repossession of the personal property by the holder of the Class 3B Claim.

j. It is anticipated that the holders of allowed Class 3B Claims shall be those persons or entitled identified in the Summary of Class 3B set forth above.

## **Summary of Class 3C**

| Class 3C Creditor | Property securing debt |
|---|---|
| none | |

k. **Class 3C Claims** shall consist of all claims filed and allowed which are secured by a lien which is not avoided by the Debtors and which are treated by this Plan in the manner set forth in Paragraphs 4(n)and 4(o)(below).

l. No payment shall be made by the Trustee on account of Class 3C claims.

m. As a claim not provided for under the Plan, it is the intention of the Debtors to pay this claim or claims directly to the creditor or creditors listed, per original contract terms.

n. It is anticipated that the holders of allowed Class 3C claims will be those persons or entities identified in the Summary of Class 3C set forth above.

## **Summary of Class 3D**

| Class 3D Creditor | Property securing debt |
|---|---|
| **none** | |
| | |

o. **Class 3D Claims** shall consist of all allegedly secured claims filed and disallowed as a result of litigation commenced by the Debtors to declare said claim as wholly unsecured and thus subject to modification under 11 U.S.C. §506 (sometimes known as "lien stripping").

## 5. **CLASS 4 - ALLOWED PRIORITY CLAIMS**

### **Class 4 Summary**

| Class 4 Creditor | Basis for Priority Status | Amount to be Paid |
|---|---|---|
| none | | $ |
| | | |
| | TOTAL | $ |

a. **Class 4 Claims** shall consist of all claims filed and allowed

which are entitled to priority under 11 U.S.C. §§507, other than Class 1 Claims.

b. The Trustee will make distributions to the holders of Class 4 claims until the holders of allowed Class 4 claims have been paid the full amount of their respective priority claims.

c. Unless otherwise provided in this Plan, the Trustee shall make distributions to the holders of Class 4 claims in order of statutory priority. Unless otherwise provided in this Plan, the Trustee shall make distributions to holders of Class 4 claims of equal statutory priority on a pro rata basis.

d. It is anticipated that the holders of allowed Class 4 claims will be those persons or entities identified in the Summary of Class 4 set forth above.

**6. CLASS 5 - ALLOWED UNSECURED CLAIMS - SEPARATELY CLASSIFIED**

**Summary of Class 5**

| Class 5 Creditor | Basis for Separate Treatment | Amount to be Paid |
|---|---|---|
| none | | $ |
| | TOTAL | |

a. Class 5 Claims shall consist of all other filed and allowed unsecured claims, unless otherwise classified, which shall receive separate classification and treatment from other unsecured claims.

b.  Class 5 Claims shall be treated as follows: Not Applicable

c. It is anticipated that the holders of allowed Class 5 claims will be those persons or entities identified in the Summary of Class 5 set forth above.

7. **CLASS 6 - UNSECURED CLAIMS - NOT SEPARATELY CLASSIFIED**

a. Class 6 Claims shall consist of all other allowed unsecured claims, not otherwise classified.

b. After the Class 1, Class 2, Class 3, Class 4, and Class 5 claims have been paid in accordance with the provisions of this Plan set forth above, the remaining funds paid to the Trustee pursuant to paragraph 1 of this Plan shall be distributed, pro rata, to the holders of Class 6 claims.

8. <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

a. The following executory contracts and unexpired leases are assumed: none

b. The following executory contracts and unexpired leases are rejected: The Debtor specifically rejects any and all contracts with unsecured creditors containing any arbitration provision, or in the alternative rejects any arbitration provision of any and all contracts, unless specifically excepted herein.

9. <u>MISCELLANEOUS PLAN PROVISIONS</u>

a. If the Plan provides for payments to continue for more than 36 months, confirmation of this Plan shall constitute a finding in accordance with 11 U.S.C. §§1322 that there is cause for extending the Plan beyond three years. Confirmation shall also constitute approval of such an extension. Such extension is essential to the success of the Plan or required under current law.

b. The Debtors shall have sole right to use and possession of all property of the estate during the pendency of this case absent contrary express Order of the Court. In addition, unless modified by express Order of the Bankruptcy Court, the stay provided by 11 U.S.C. §§362(a) shall remain in effect until entry of the discharge Order.

c. The Trustee shall pay the allowed claims provided for by this Plan in the following Order:

    (1) Class 1  - Administrative Expenses
    (2) Class 2  - Cure of Prepetition Default
    (3) Class 3A - Allowed Secured Claims Paid in Full
               and/or Modified
    (4) Class 4  - Allowed Priority Claims other than Class 1
               Claims
    (5) Class 5  - Allowed Unsecured Claims, Separately

                          Classified
      (6) Class 6  - Unsecured Claims, Not Separately Classified

d. Notwithstanding any provision of this Plan, a holder of an allowed claim may agree to a different treatment than that provided in this Plan and such agreement shall be binding on the holder.


10. <u>OTHER PLAN PROVISIONS</u>

a. The Debtor shall make regular post-petition payments directly to PA Housing Finance on account of the mortgage.
b. The Debtor will pay post-petition real estate taxes and insurance premiums on his properties located as paid into escrow to PA Housing Finance.
C.  Payment Notices: Creditors and lessors provided for in Classes 2, (allowed secured claims with a cure of prepetition default), 3A, (allowed secured claims to be paid in full inside the Chapter 13 Plan), 3C (allowed secured claims for which no payment is to be made through the Plan, but shall be made directly to the creditor by the debtor), and Class 4 (allowed priority claims) shall continue to mail customary notices and/or coupons to the Debtor and/or the Trustee notwithstanding the automatic stay. If said creditors have ceased mailing such documents to the debtor(s) as a result of the filing of the present case, they shall resume the sending of such notices immediately. The mailing of such normal billings or coupons shall not be deemed a violation of the Stay.

d. Confirmation of this plan shall constitute a finding that the Plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. §§ 727(a)(9).

e. Title to Debtor's property shall revest in the Debtor upon confirmation of the plan or the closing of the case, whichever event occurs first.

f. The automatic stay order is in effect as of the date of confirmation. Any sheriffs'' sale or foreclosure sale shall be cancelled and not continued to any later date.

g.  By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist,

so long as this case remains pending.

h. The amount of your claim shall be fixed by the sum set forth in this Plan. In the absence of an objection and if the Plan is confirmed this amount shall constitute a finding as to the arrears owed.

i.   Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply direct mortgage payments paid Debtor to the month in which they were made, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the Debtor and the attorney for the Debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the Debtor and attorney for the Debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(i).

j.   Mortgage Modification Analysis: In accordance with the United States Treasury Department's **Help for America's Homeowners – Home Affordable Modification Program ("HAMP") Handbook Version 4.3**, the Debtors hereby notify the holder and/or servicer of a mortgage claim of their intent to seek an analysis as set forth in MHA Handbook Version 4.3. Further, that holder/servicer's counsel accepts service of required submissions from Debtors to facilitate compliance, and assist the Bankruptcy Court, Trustee and debtor through this process.  Debtor intends to seek a loan modification of the Wells Fargo mortgage

Dated: 9/23/2016                    Debtor: s/ Charles W. Covell, Jr.