United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Charles W. Covell, Jr.
      Debtor

Case No. 16-11688-elf
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: John     Page 1 of 1     Date Rcvd: Jun 28, 2019
Form ID: pdf900     Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 30, 2019.
```
db             +Charles W. Covell, Jr.,    520 Mark Lane,    King of Prussia, PA 19406-1845
13694139       +Pennsylvania Housing Finance,    P. O. Bx 15057,    Harrisburg, PA 17105-5057
13780069       +U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE P,    PHFA Loan Servicing Division,
                 211 North Front Street,    Harrisburg, PA 17101-1466
13694141       +US Bank National Association,    211 North Front Street,    P. O. Box 15057,
                 Harrisburg, PA 17105-5057
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jun 29 2019 03:21:16     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 29 2019 03:20:34
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 29 2019 03:20:56     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                             TOTAL: 3
```

       ***** BYPASSED RECIPIENTS *****
NONE.              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 30, 2019                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 28, 2019 at the address(es) listed below:
```
              GERI H. GALLAGHER    on behalf of Debtor Charles W. Covell, Jr. ghgbkcy@verizon.net
              KEVIN G. MCDONALD    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO TRUST INDENTURE DATED AS OF APRIL 1, 1982)
               bkgroup@kmllawgroup.com
              LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO TRUST INDENTURE DATED AS OF APRIL 1, 1982)
               lhaller@pkh.com, dmaurer@pkh.com;mgutshall@pkh.com
              THOMAS I. PULEO    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO TRUST INDENTURE DATED AS OF APRIL 1, 1982)
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                             TOTAL: 6
```

Stip affects confirmed plan

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles W. Covell Jr.<br>    Debtor | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO TRUST INDENTURE DATED AS OF APRIL 1, 1982)<br>    Movant<br>vs.<br>Charles W. Covell Jr.<br>    Debtor<br>William C. Miller Esq.<br>    Trustee | NO. 16-11688 ELF<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,171.96,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2018 to June 2019 at $1,594.00/month |
| Late Charges: | November 2018 to June 2019 at $48.62/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$14,171.96** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$14,171.96.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$14,171.96** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,594.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 24, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date:_____

_____
Geri H. Gallagher, Esquire
Attorney for Debtor

Date:   6/26/19

_____
William C. Miller, Esquire
Chapter 13 Trustee          NO OBJECTION
*without prejudice to any
trustee rights and remedies.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 24, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 6/24/19

Geri H. Gallagher, Esquire
Attorney for Debtor

Date: _____

William C. Miller, Esquire
Chapter 13 Trustee

# ORDER

Approved by the Court this <u>28th</u> day of <u>June</u>, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank